STATE of Tennessee, Plaintiff-Appellant,

v.

Danny MILLER, Petitioner-Appellee.

Supreme Court of Tennessee,
at Knoxville.

March 26, 1984.

Wayne E. Uhl, Asst. Atty. Gen., Nashville, for plaintiff-appellant; William M. Leech, Jr., Atty. Gen., of counsel.

William S. Waggoner, Knoxville, for petitioner-appellee.

## OPINION

BROCK, Justice.

### A.

Petitioner, Danny Miller, was convicted of the offense of criminal sexual conduct in the first degree and sentenced to life imprisonment; he appealed to the Court of Criminal Appeals where his conviction was affirmed and thereafter he sought discretionary review in this Court which was denied. Miller then filed the instant proceeding seeking post conviction relief under the Post Conviction Procedure Act, T.C.A., § 40–30–101, *et seq.* The trial court denied such relief but, upon appeal, the Court of Criminal Appeals concluded that petitioner had been denied the right to counsel in the proceedings resulting in his conviction and that the error was prejudicial, requiring that his conviction be set aside and a new trial awarded. We granted the State's request for review of that decision.

The name of the petitioner is Danny Miller; he has no middle name or initial. At the time of petitioner's arraignment upon the charge of criminal sexual conduct it

was discovered that he was misnamed in the indictment as "Danny Ray Miller." At the same time another person named "Danny Ray Miller" was in custody in Knox County awaiting trial on different charges. When this petitioner, Danny Miller, was brought before criminal court judge George P. Balitsaris on April 20, 1979, to be arraigned upon the criminal sexual conduct charge the Assistant District Attorney informed the court that two men named Danny Miller were awaiting trial in that court, whereupon, the court passed the arraignment of the petitioner over to May 4, 1979, to allow the Assistant District Attorney to clear up the confusion respecting the defendant's identity.

At the appointed time on May 4, 1979, the petitioner, without counsel, appeared before the court again for his arraignment at which time a dialogue developed during which the petitioner made statements which were later brought out on his cross-examination at trial by the prosecuting attorney in an effort to disparage the petitioner's credibility as a witness.

That dialogue at arraignment follows:

"The Court: Bring out Danny Miller. What is that number Gentlemen?

"Mr. Nichols: C–7113, Judge.

"The Court: Danny Ray Miller, charged with criminal sexual conduct in the first degree.

Mr. Miller, we had you over here, let's see April 20, and we called this case up and, and you told us you weren't the Danny Ray Miller that is charged in this case.

"Mr. Miller: That's right, your Honor. See, I ain't got no middle name. My name is Danny Miller.

"The Court: Are you the one that is charged in this case? I don't care about your middle name.

"Mr. Miller: No, I wasn't the one charged in it.

"The Court: You are not the one charged with unlawful intercourse with [name deleted] in August of 1979?

"Mr. Miller: No Sir.

"The Court: General Gill, do you know this defendant?

"Mr. Gill: Yes, your Honor, I do.

"The Court: Is he the defendant that is charged in this case?

"Mr. Gill: Yes, Sir, he is. He is correct, though, he does not have another name. I think that got on there because there is another Danny Ray Miller who has been indicted out of, I think, out of this court. I am not sure. But, anyway, that is not correct. And the State may have a motion to withdraw that middle name. He is correct in that. But he is the person charged.

"The Court: Mr. Miller do you have an attorney? Mr. Penn, will you be representing him?

"Mr. Penn: I represent Mr. Miller on a charge—and—Mr. Gill—by appointment. And I have been informed by the Attorney Generals that I will probably be appointed to this case.

"The Court: All right, Mr. Miller, stand up and raise your right hand and be sworn. (Mr. Miller was so sworn.)

"The Court: All right. You may be seated. And you are subjected to the penalties of perjury if your answers are not truthful. Do you understand me?

"Mr. Miller: Yes Sir.

"The Court: All right what is your home address?

"Mr. Miller: 1908 Anderson Street, Bristol, Tennessee.

"The Court: Don't pay any attention to that microphone. It does not amplify. Speak up so that I can hear you. What is your address?

"Mr. Miller: 1908 Anderson Street, Bristol, Tennessee.

"The Court: And how old are you?

"Mr. Miller: 24.

"The Court: Are you married Mr. Miller?

"Mr. Miller: No Sir.

"The Court: Have you ever been married?

"Mr. Miller: No Sir.

"The Court: Do you have a job? You don't; you are in jail now.

"Mr. Miller: I am in jail right now.

"The Court: You don't have any income at the present time.

"Mr. Miller: No Sir.

"The Court: All right. Do you own a car?

"Mr. Miller: No Sir.

"The Court: Do you own any property at all?

"Mr. Miller: No Sir.

"The Court: Do you owe any debts Mr. Miller?

"Mr. Miller: No Sir.

"The Court: The court finds you are indigent. Mr. Penn, would you represent the defendant?

"Mr. Penn: Yes Sir. I have already talked with Mr. Miller about this."

Thus, counsel was appointed to represent the petitioner in the criminal case and he was properly arraigned, tried and found guilty as above stated.

During the trial of the criminal case the prosecutor cross examined the petitioner extensively respecting the above quoted dialogue. That cross examination is as follows:

"Q. You came into this court.

"A. Yeah.

"Q. Now, you had come in here a week before, hadn't you, Mr. Miller? And the Judge asked you if you were the same ....

"Mr. Penn: Object your Honor.

"The Court: Objection overruled. Continue.

"Q. And the Judge asked you if you were the same Danny Miller charged with this rape and you said, 'No,' isn't that true?

"A. I said, 'No.'

"Mr. Penn: Object, your Honor, the indictment at that time read, 'Danny Ray Miller.'

"The Court: Objection overruled.

"A. Yeah. It was Danny Ray Miller. It wasn't even me. The indictment wasn't on me. See, the warrant was messed up. The indictment was on Danny Ray, which one, I say right

there is the man you want, which I, I don't know nothing about the rape case.

"Q. You knew you were charged with the rape when you came in here?

"A. I knowed, yes, Sir, yes, Sir, I knowed I was charged.

"Q. And the Judge asked you if you were the same man and you lied to him and said, 'No.'

"Mr. Penn: Objection, your Honor.

"The Court: Objection overruled. And keep your voice down. Continue.

"Q. Isn't that true?

"A. I told the Judge that my name was Danny Miller. I didn't tell him anything about no rape case.

"Q. Do you deny telling the Judge that you are not the man charged in this Court?

"A. Yeah. I was charged with the rape, charged in here, aahh the one that we are in here now on. That's what I am saying. I ain't trying to deny your word about it. No. I was charged.

"Q. And they brought you in here on April the ....

"A. April 16, I mean, aahh, aahh ....

"Q. April the 20th and the Judge asked you if you were the same Danny Miller that was charged and you said, 'No.' Isn't that true?

"A. That's what I said. I said, 'No.'

"Q. That's right. So you lied in court at that time?

"Mr. Penn: Objection, your Honor.

"The Court: Objection overruled.

"Q. Didn't you? Didn't you, Mr. Miller?

"A. No, I didn't lie to them. I told them that my name was Danny Miller.

"Q. But you told the Judge you weren't the same one that was charged?

"A. That's right. That's right. I did tell the Judge that.

"Q. That's not true. Was it?

"A. Huh?

"Q. And that wasn't true, was it?

"A.  Yeah.  That is true.

"Q.  You are not the same one charged?

"A.  I am charged with it now.

"Q.  You were charged with it then and you knew it.

"A.  My name wasn't Danny Ray Miller. The warrant just said, 'Danny Ray Miller.'  From August, see, Danny Ray Miller was at the work release center at the same time I was.

"Q.  Mr. Miller, when . . . .

"A.  It took them six months, see, it took you all six months to get a warrant on me.  Six or seven months I waited in jail for a warrant.  And then come to find out it was under Danny Ray Miller's name.  They come up there and serve five counts of forgery and grand larceny on me.  That wasn't me.

"Q.  On you?

"A.  Yeah, they did.  And come to find out the only way I got out of that, cause I wasn't married.

"Q.  Mr. Miller, when did you find out that you were charged with this offense?

"A.  When I come, April the 11.

"Q.  April 11?

"A.  Sure did.

"Q.  And you knew that you were charged with this rape?

"A.  Sure did.

"Q.  That was nine days before you lied to this Judge?

"Mr. Penn: Objection, your Honor.

"A.  I didn't lie to the Judge.

"Mr. Penn: To the statement he was lying.

"The Court: Objection overruled.

"Q.  You didn't tell him the truth, did you, Mr. Miller?

"A.  I told him the truth.  I told him my name was Danny Miller but I told him, I told the Judge that my name ain't Danny Ray Miller.  He asked me was my name Danny Ray Miller.  And I told him, 'No.'  I think that is what he asked me.

"Q.  You are the same Danny Miller charged with this offense of rape?

"A.  From the work release center. Well, there is two Danny Millers.

"Q.  And you told him, 'No.'

"A.  That is what I told him.

"Q.  And you knew at that time that you were charged with it?

"A.  Yeah.  At that time I was charged with it.

"Q.  Okay.

"A.  Sure was.

"Q.  Now, you came back, you came back on May 4 did you not?

"A.  Sure did.

"Q.  And Mr. Gill was over here?  And we appointed you a lawyer at that time?  Is that right?

"A.  Sure did."

### B.

In this post conviction proceeding the petitioner contends that he was denied the constitutional right to counsel, in that, counsel had not been appointed for him at the time the trial judge elicited answers from him at his arraignment which were later used to impeach him on cross-examination at his trial.[1]

The State contends that the petitioner's claim that he has suffered a denial of counsel is foreclosed by T.C.A., §§ 40–30–111 and 40–30–112, which provide that post conviction relief may not be granted upon any ground that has been waived or previously determined.  T.C.A., § 40–30–112, provides as follows:

"(a)  A ground for relief is 'previously determined' if a court of competent jurisdiction has ruled on the merits after a full and fair hearing.

---

1.  Petitioner also asserted as ground for post conviction relief that the attorney who represented him at his trial gave ineffective assistance, in that, he did not secure a continuance and did not subpoena certain telephone records.  This issue, the alleged inefficiency of appointed counsel, was determined against the petitioner by the trial court, affirmed by the Court of Appeals and is not raised in this Court.

"(b)(1) A ground for relief is 'waived' if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented.

"(2) There is rebuttable presumption that a ground for relief not raised in any such proceeding which was held was waived."

The State contends that the petitioner had the opportunity during the trial and appellate proceedings in his criminal case to raise the issue which he now seeks to raise in this proceeding for post conviction relief and, therefore, that to the extent that he failed to do so he has waived the right to now insist that he suffered a denial of counsel in those criminal proceedings. We agree.

In his criminal trial the petitioner through his attorney did, in fact, object to that portion of the prosecutor's cross examination of the petitioner respecting the dialogue that occurred at arraignment between petitioner and the court in the attempt to ascertain his true identity. Counsel's objections were either general in nature or made upon the ground that the matters attempted to be brought out were irrelevant. Then, upon direct appeal, the petitioner, in the Court of Criminal Appeals, again insisted that the cross examination of petitioner at trial was improper, irrelevant and prejudicial to petitioner's rights. The Court of Criminal Appeals considered this issue and concluded that no prejudicial error was shown, concluding that petitioner at the arraignment hearing had attempted to mislead the trial judge respecting his identity "... by falsely denying that he was the proper defendant before the court," and, thus, that it was fair and relevant for the State to cross examine him about this matter at trial.

■ It is true that the petitioner at his trial and upon direct appeal from his conviction in the criminal case did not characterize his claim of error as constituting a "denial of counsel" as he now attempts to do. However, it is not permissible for a defendant in a criminal case to object to the introduction of evidence at his trial upon one ground, deemed by him to be proper, and then, later in a proceeding for post conviction relief, to assert that admission of the evidence complained of violated a constitutional right; failure to assert the constitutional ground at trial must be held to constitute a waiver of the right to make such an objection.

■ We reaffirm the statement made by Justice McCanless, speaking for the Court, in *Arthur v. State*, Tenn., 483 S.W.2d 95 (1972), to wit:

"There must be a finality to all litigation, criminal as well as civil. The courts, the executive branch of government, the legal profession, and the public have been seriously inconvenienced by the prosecutions of baseless *habeas corpus* and post-conviction proceedings. Defendants to criminal prosecutions, like parties to civil suits, should be bound by the judgments therein entered. When they fail to make timely objection to errors of the courts they must not be allowed at later times of their own choosing—often, perhaps, after witnesses against them have become unavailable—to assert those grounds in post-conviction actions." 483 S.W.2d at 97.

The court also noted in that case that "The purpose of a post-conviction proceeding is to determine whether the judgment is void. It is not to determine whether there was error in the trial in which the conviction was had." *Ibid.* at 96.

We agree.

■ Although the petitioner in this proceeding has couched his claim of error in terms of "denial of counsel," the real nature of his claim is that the trial court erred in permitting the prosecuting attorney to cross examine him at trial about statements he made at his arraignment hearing because he was not at that time represented by counsel. His problem is,

however, that he had his chance to make that very objection and argument before the trial judge and, later, before the Court of Criminal Appeals but failed to do so, couching his objection, instead, in non-specific terms, such as "Objection, your Honor," or that the arraignment dialogue was "not relevant."

If the trial judge committed error in permitting the petitioner to be cross examined respecting the arraignment dialogue, it was error that could and should have been asserted in the criminal case; it was not error of the type that may be presented by a post conviction relief proceeding. In this connection we note that the attorney who represented the petitioner at the trial of his criminal case has been determined by the trial court and by the Court of Criminal Appeals to have rendered competent assistance in that capacity and, further, that no question of competence has been raised concerning the representation of the attorney who represented the petitioner on the appeal from his criminal conviction.

In determining the issue of waiver against the petitioner, we have assumed, but have not decided, that petitioner had a constitutional right to be represented by counsel at the time of his dialogue at the arraignment. As the State has suggested, it may well be doubted that a defendant in a criminal case is entitled to have counsel appointed the instant he walks through the door into the courtroom and while the court is engaged in an effort to ascertain his identity and his indigency status in order that counsel may be appointed for him.

The judgment of the Court of Criminal Appeals is reversed and that of the trial court affirmed. Costs incurred upon appeal are taxed against the appellee.

FONES, C.J., and COOPER, HARBISON, and DROWOTA, JJ., concur.