**William V. NABOZNY,**
**Petitioner-Appellant,**

v.

**R.C. MARSHALL, Supt.,**
**Respondent-Appellee.**

No. 84–3394.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 10, 1985.

Decided Jan. 15, 1986.

William V. Nabozny, Lucasville, Ohio Pro Se.

Edward F. Marek, Federal Public Defender, Cleveland, Ohio, Donald N. Krosin, argued, for petitioner-appellant.

Christine Manuelian, Columbus, Ohio, for respondent-appellee.

Before KENNEDY and GUY, Circuit Judges, and WOODS, District Judge.*

CORNELIA G. KENNEDY, Circuit Judge.

Petitioner raises four issues in his appeal from the denial of a writ of habeas corpus under 28 U.S.C. § 2254. Finding no error in the District Court's disposition of any of the issues raised, we affirm.

Petitioner was convicted of aggravated murder in violation of former § 2903.01(B), Ohio Rev.Code. He has exhausted his state remedies.

Petitioner's first complaint is that the reasonable doubt instruction given by the Ohio trial court and required by § 2901.05, Ohio Rev.Code, dilutes the requirement that the state prove guilt beyond a reasonable doubt. As noted by the District Court, this Court has had occasion to consider the same instructions in *Thomas v. Arn,* 704 F.2d 865 (6th Cir.1983). We held that it adequately conveyed the concept of reasonable doubt to the jury. The District Court considered the entire instruction given by the state trial court and found that, taken as a whole, it properly placed the burden of proof on the state. We also agree with the District Court's alternative holding that petitioner failed to comply with Ohio's contemporaneous objection rule, requiring him to establish cause and prejudice, which he failed to do. *Hockenbury v. Sowders,* 620 F.2d 111, 115 (6th Cir.1980).

Petitioner's second contention is that tangible evidence seized pursuant to search warrants should have been suppressed because probable cause for issuance of the warrants was lacking. We agree with the District Court that where, as here, the state has provided a full and fair opportunity for litigation of this fourth amendment claim, federal habeas corpus relief is unavailable. *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

Petitioner next contends that F.B.I. wiretaps were illegally secured and that information acquired as a result of the wiretaps should have been suppressed. Petitioner bases this claim on an alleged violation of 18 U.S.C. § 2518(7), which reads in pertinent part as follows:

... [a law enforcement officer] who reasonably determines that—

(a) an emergency situation exists with respect to ... conspiratorial activities characteristic of organized crime that requires a wire or oral communication to be intercepted before an order authorizing such interception can with due diligence be obtained ... may intercept such wire or oral communication if an application for an order approving the interception is made in accordance with this section within forty-eight hours after

---

* The Honorable George E. Woods, United States District Judge for the Eastern District of Michigan, sitting by designation.

the interception has occurred, or begins to occur.

Retroactive judicial approval for two wiretaps, carried out on December 9 and 10, 1975, was granted on December 11, 1975, within the 48-hour limit provided for in the statute. Petitioner does not contest the existence of probable cause for the wiretaps; rather he claims that the situation did not fall within the emergency exception of section 7(a).

The legislative history of the Omnibus Crime Control and Safe Streets Act of 1968, codified at 18 U.S.C. § 2510 *et seq*, reveals that Congress was concerned with the pervasive influence of organized crime and its attendant corruption. 1968 U.S. Code Cong. & Ad. News 2112, 2157. The legislative history specifically cites as forms of "attendant corruption" the phenomenon of "accepting business interests in payment of gambling or loan sharks debts, or using various forms of extortion." *Id.* at 2158. In the instant case, petitioner and two others kidnapped a bank manager in Michigan and attempted to extort monies from the bank.[1]

It was the position of law enforcement authorities at the time of the extortion (kidnapping and demand for money) that the situation, admittedly an emergency, was contemplated by the statute's description of "conspiratorial activities characteristic of organized crime...." The affidavits support such a conclusion. They establish that the extortion effort was being made by at least three persons, thus meeting the conspiracy requirement. The conspirators sought to extort money from a national bank, thus interfering with commerce by threat of violence. Extortion is a crime "characteristic" of organized crime. That is all that is required. We hold that an emergency situation existed within the terms of the statute, so that the retroactive approval was valid.

Petitioner's final charge of error is that he was denied the effective assistance of counsel as delineated in *Strickland v.*

*Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland,* petitioner must show that his counsel's performance was constitutionally defective and that the deficient performance prejudiced the defense. We agree with the District Court that petitioner's allegations of ineffectiveness do not meet the requirements in *Strickland.* Furthermore, petitioner has not made the showing of prejudice detailed in *Strickland.* He has failed to demonstrate how "the result of the proceeding would have been different," 104 S.Ct. at 2068, but for the errors alleged.

The decision of the District Court is affirmed.

---

1. Although the bank stood ready to pay, the kidnappers eventually murdered the victim in Ohio, leading to the conviction for which petitioner seeks a writ.