Ronnie JOHNSON, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee,
at Nashville.

March 3, 1987.

Permission to Appeal Denied by
Supreme Court June 1, 1987.

Susan L. Kay, Vanderbilt Legal Clinic, Vanderbilt School of Law, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen., Albert L. Partee, III, Asst. Atty. Gen., Nashville, Guy Yelton, Asst. Dist. Atty. Gen., Levanon, for appellee.

## OPINION

LLOYD TATUM, Special Judge.

The appellant, Ronnie L. Johnson, has appealed from a judgment denying post conviction relief. He seeks to destroy a conviction for aggravated rape. We affirm the judgment below.

The appellant's first issue is as follows: "The voice identification of petitioner was unconstitutional, as he was unrepresented by counsel at the time that the identification was made."

At trial, the victim gave a general description of the rapist but could not make a corporeal identification, since the rape occurred at nighttime in the victim's unlit residence. She testified at trial that she heard the appellant's voice at the time when a preliminary hearing was scheduled and identified his voice. The admissibility of this evidence was attacked on direct appeal and this court found this issue in favor of the State. In so holding, the court made the comment that, "The defendant's allegation that he was without counsel at the preliminary hearing when the voice

identification occurred is refuted by the record."

The facts at the post-conviction proceeding were stipulated:

"1. On March 28, 1982, petitioner, Ronnie L. Johnson, was arrested and charged with the aggravated rape of Ms. Brenda Cox.

2. Mr. John William Martin represented petitioner at a line-up on a separate charge conducted on March 29, 1982, and at a bond reduction hearing conducted on March 30, 1982. Shortly after the bond hearing, Mr. Martin withdrew as petitioner's attorney. Mr. Martin did not represent petitioner in any subsequent court proceedings.

3. Petitioner's preliminary hearing was initially scheduled for April 2, 1982, in Lebanon City Court. At the April 2, 1982, hearing, petitioner appeared without counsel. Judge Ahles granted a continuance until April 9, 1982.

4. Petitioner's family had retained Dale Quillen to represent petitioner. Mr. Quillen, however, could not attend the April 9, 1982 hearing. Mr. Quillen notified Judge Ahles, in a letter dated April 8, 1982, that he could not appear on April 9, 1982.

5. On April 9, 1982, petitioner was brought into Lebanon City Court for the preliminary hearing. No attorney was present in-court on petitioner's behalf.

6. The rape victim, Ms. Cox, was present in-court at the April 9, 1982, hearing. Ms. Cox had been requested by the prosecution to appear at this hearing.

7. The April 9, 1982, hearing was the first proceeding at which Ms. Cox was present. Her injuries prevented her from attending the March 29, 1982, line-up and the March 30 and April 2, 1982, hearings.

8. At the April 9, 1982, hearing, petitioner was in custody and was escorted into court by Sheriff's deputies. At that time, Judge Ahles asked petitioner if he would waive his right to a preliminary hearing. Petitioner responded that he would not waive this right, and he stated that he wanted to have a lawyer present. This exchange occurred in open court.

9. Ms. Cox recognized petitioner's voice at the April 9, 1982, hearing while petitioner was responding to Judge Ahles' questions. At the conclusion of this hearing, she so informed the prosecutor.

10. Because petitioner was unrepresented at the April 9, 1982, hearing, his preliminary hearing was continued until April 16, 1982. The preliminary hearing was actually conducted on April 16, 1982. Mr. Quillen was present in-court on petitioner's behalf. At this hearing, Ms. Cox testified that she recognized petitioner's voice at the April 9, 1982, hearing. She further testified that petitioner's and her assailant's voice sounded the same.

11. At petitioner's trial, on November 9, 1982, Ms. Cox testified that she recognized petitioner's voice at the April 9, 1982, hearing. At trial Ms. Cox did not identify the petitioner in-court as her assailant. The limited identification was her testimony that, at that scheduled preliminary hearing, she recognized petitioner's voice as the voice of her assailant."

The trial record did not reveal that the appellant's lawyer was not present at the time the preliminary hearing was scheduled. The appellant argues that the voice identification made by the victim was an identification procedure subject to the Sixth Amendment requirement of assistance of counsel. The appellant relies heavily on *Moore v. Illinois*, 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977).

The facts in the *Moore* case are quite different from the facts in the case under consideration. In the *Moore* case, a corporeal identification was made by a victim in a rape case. The victim had been unable to positively identify Moore from a group of photographs. On the morning after Moore was arrested, a policeman accompanied the victim to court. The policeman told the victim that she was going to view a suspect and should identify him if she could. He also had her sign a complaint that named Moore as her assailant. The judge told Moore that he was charged with the crime and directed the victim to come before the

bench. The State's attorney apparently outlined the evidence linking Moore to the rape offense. The State's attorney then asked the victim whether she saw her assailant in the courtroom, and she pointed at Moore.

The United States Supreme Court held that Moore was entitled to counsel before the identification procedure was commenced.

The case under consideration is distinguishable in very material respects from the *Moore* case. In the instant case, the appellant was actually represented by an attorney. Appellant's attorney wrote a letter on April 8, 1982 advising the Judge that he could not be present on April 9, 1982. The record does not reveal whether the Judge received the letter before the time the case was called on his docket. It is also significant that the record does not reveal what advice the appellant's attorney gave him before sending him to the preliminary hearing alone.

In the instant case, no officer suggested to the victim that she should attempt to identify the appellant, as was done in the *Moore* case. The State's evidence was not referred to in court and the prosecuting attorney did not ask the victim for an identification.

Moore spoke to the court in a discussion about his lawyer not being present. There was a regularly scheduled preliminary hearing and the victim was present as a trial witness and not for the purpose of making an identification. Insofar as this record reveals, no one, including the victim, expected that a voice identification could be made until the appellant spoke. At trial, the victim testified that she "would never forget that voice." She did not contrive to make corporeal identification of the appellant.

The suggestiveness in this case falls far short of the suggestiveness in the *Moore* case. The court, in order to conduct business, must have the presence of both victims and defendants. It would place a heavy burden on our judicial system to say that trial courts must prevent victims and defendants from seeing or hearing each other at a hearing or trial. We decline to expand the holding in *Moore v. Illinois, supra.* We make the same observation as did the Tennessee Supreme Court in *State v. Miller,* 668 S.W.2d 281 (Tenn.1984):

"In determining the issue of waiver against the petitioner, we have assumed, but have not decided, that petitioner had a constitutional right to be represented by counsel at the time of his dialogue at the arraignment. As the State has suggested, it may well be doubted that a defendant in a criminal case is entitled to have counsel appointed the instant he walks through the door into the courtroom and while the court is engaged in an effort to ascertain his identity and his indigency status in order that counsel may be appointed for him."

We hold that though the victim heard the appellant speak in court, this was not an identification procedure. There was no suggestion made by anyone to the victim that she was expected to identify the appellant's voice. Moreover, as stated, the appellant actually had retained counsel at the time of the voice identification. No attack is made in this record on that attorney's effectiveness.

■ Under this issue, the appellant argues that the attorney who represented him on appeal was ineffective for not creating a record which reflected that counsel was not present when the voice identification was made. In view of the distinguishing factors from *Moore v. Illinois, supra,* we hold that the result would not have been different if the record revealed that counsel was not present. See *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ The appellant also argues that the case should be remanded because the trial court did not make a finding of fact and conclusion of law in compliance with T.C.A. § 40-30-118(b). The facts were stipulated; thus, there were no facts to be determined by the court. We do not deem that conclusions of law would be helpful to us in the determination of this case. This issue is without merit.

The appellant further makes issue that the evidence is insufficient to support the verdict. Although sufficiency of the evidence is not reviewable in post conviction relief cases *Gant v. State*, 507 S.W.2d 133, 137 (Tenn.Crim.App.1973), we have reviewed the trial evidence and find that it meets the standard required by *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

For the reasons stated, the judgment of the trial court is affirmed.

DUNCAN and CORNELIUS, JJ., concur.