960 F.2d 150
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven C. PIERCE, Petitioner-Appellant,
v.
David MILLS, Respondent-Appellee.
 No. 90-6323.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1992.
 
 Before SUHRHEINRICH and SILER, Circuit Judges, and BATTISTI,* District Judge.
 PER CURIAM.
 
 
 1
 Steven Pierce was convicted in Tennessee state court of murder in the second degree and assault with intent to commit murder in the second degree. His direct appeals to the Criminal Court of Appeals and Supreme Court of Tennessee were rejected. He then filed in state court a petition for post-conviction relief on the newly asserted grounds of juror misconduct and ineffective assistance of counsel. His petition was denied by all of the state courts. Pierce subsequently filed in federal district court a petition for writ of habeas corpus, again charging juror misconduct and ineffective assistance of counsel. The district court denied the petition. We affirm, though on different grounds than the district court.
 
 
 2
 * In 1985, Pierce was indicted in Loudon County, Tennessee, Criminal Court for first degree murder and assault with intent to commit first degree murder. The jury in his first trial was unable to reach a verdict and a mistrial was declared. At his second trial, Pierce was convicted of murder in the second degree and assault with intent to commit murder in the second degree. On August 8, 1986, Pierce filed a motion for a new trial and/or judgment of acquittal. This motion set forth four errors: insufficient evidence, erroneous admission of footprint casts, erroneous admission of eyewitness identification, and defective sentence. The trial court denied the motion. Pierce appealed to the Tennessee Court of Criminal Appeals, which affirmed his conviction. Next, Pierce's application for permission to appeal to the Tennessee Supreme Court was denied.
 
 
 3
 With his conviction final, Pierce retained new counsel to collaterally attack his conviction. On September 8, 1987, he petitioned the Loudon County Criminal Court ("LCCC") for post-conviction relief, asserting juror misconduct and ineffective assistance of counsel in violation of his federal constitutional rights. The LCCC held an evidentiary hearing, made findings of fact and credibility determinations, and denied Pierce's petition on the merits. Pierce appealed, and the Tennessee Criminal Court of Appeals affirmed, holding that the LCCC correctly decided the juror misconduct issue, that in any event Pierce waived his juror misconduct claim by not raising it in his motion for a new trial (procedural default),[1] and that he failed to prove his ineffective assistance claim. The Tennessee Supreme Court again refused to hear Pierce's appeal.
 
 
 4
 Pierce then filed a petition for writ of habeas corpus, 28 U.S.C. § 2254, in the United States District Court. The District Court ruled that his juror misconduct charge was barred by procedural default and that his ineffective assistance claim lacked merit.
 
 II
 
 5
 Prisoners convicted in state proceedings who wish to assert federal constitutional rights through habeas corpus must comply with state procedural requirements. See, e.g., Maupin v. Smith, 785 F.2d 135, 138 (6th Cir.1986). The failure to do so constitutes a procedural default and will preclude habeas review. Engle v. Isaac, 456 U.S. 107 (1982). This requirement has not been satisfied. Under the "plain statement" rule, a state court will not be deemed to have relied upon a procedural default unless it "clearly and expressly states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989). The LCCC did not consider the procedural default argument. The Criminal Court of Appeals offered procedural default only as an alternative ground for its holding. The Supreme Court of Tennessee did not state the grounds on which it refused to hear Pierce's appeal. This does not satisfy the Harris "plain statement" requirement.[2]
 
 
 6
 Although Pierce is not barred by procedural default, his claim of juror misconduct lacks merit. The LCCC rejected this claim after conducting an evidentiary hearing. Since Pierce does not contend that the hearing was less than full and fair, he is not entitled to a federal evidentiary hearing. Ford v. Wainwright, 477 U.S. 399, 410 (1986); Townsend v. Sain, 372 U.S. 293, 312-13 (1963).
 
 
 7
 Pierce's claim of juror misconduct rests on allegations made by one member of the jury, Mack Walker, Jr. Pierce also asserts that one of the jurors failed to disclose, when asked, that a relative had been the victim of a serious assault or homicide. Each of Walker's charges was contradicted by every other member of the jury who testified at the hearing. In addition, the LCCC found Walker to lack credibility because his live testimony contradicted his affidavit in a number of respects. The hearing also disclosed that no relative of any jury member had ever been the victim of an assault or homicide. Thus, we agree with the LCCC that the record developed at the evidentiary hearing does not support a finding of juror misconduct.
 
 III
 
 8
 Pierce next claims that he was denied the effective assistance of counsel in violation of his Sixth Amendment right to a jury trial. Pierce must show that his counsel's performance was deficient and that this deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel's performance is deemed deficient if it is unreasonable under prevailing professional norms; there is a strong presumption that counsel's performance was reasonable. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). Prejudice exists where a petitioner is able to show that but for the asserted errors there is a reasonable probability that the result would have been different. Strickland, 466 U.S. at 694; Nabozny v. Marshall, 781 F.2d 83, 85 (6th Cir.), cert. denied, 476 U.S. 1161 (1986).
 
 
 9
 Pierce asserts a multitude of instances of ineffective assistance of counsel. The LCCC rejected Pierce's petition after assessing his assertions in detail, and its decision was upheld by the Tennessee courts and the District Court. Though we have considered all of his claims, we set forth here only the few potentially meritorious arguments raised by Pierce.
 
 
 10
 First, Officer Dennis Moldenhauer made casts of footprints found at the crime scene. These casts were admitted into evidence after Moldenhauer testified as to how they were made. Pierce contends that the failure of his trial counsel, Harold Balcom, to object to Moldenhauer's testimony regarding the similarity between the casts and boots obtained from Pierce constitutes ineffective assistance of counsel. The only comparison that Moldenhauer made was the observation that the boot and the cast were each approximately 11.5 inches long. Since making such measurements requires no specialized expertise, Moldenhauer was qualified to testify. In addition, the jury was allowed to examine the boots and casts for itself.
 
 
 11
 Pierce also contests Balcom's failure to call employees of the crime laboratory who analyzed the casts because the lab report was inconclusive as to whether the casts matched Pierce's boots. However, Moldenhauer admitted on cross examination that the lab reports were inconclusive. Balcom decided that the lab technicians might, on cross examination, go on at length, to Pierce's detriment, about the similarities between the boots and casts even though they could not be demonstrated to be identical. This decision is a reasonable judgment as to trial tactics.
 
 
 12
 The other notable claims surround David Keck. After being shot, Mr. Roy Quillen was rushed to the hospital. In the ambulance, a paramedic, Roger Hampton, asked Mr. Quillen three times, "who shot you"? Each time Mr. Quillen named David Keck as his assailant. Later, Quillen told the police that he did not know whether he was shot by Keck or Pierce. Pierce argues that Balcom neglected to investigate the possibility that Keck committed the crimes with which Pierce was charged. Although he never spoke to Keck, Balcom testified at the hearing that he attempted to locate Keck, that he directed at least one of his investigators, Kenny Stewart, to obtain information on Keck, and that he learned from the Sheriff's department that Keck had a solid alibi for the time during which the crime was committed. This represents a reasonable investigation. Moreover, given Keck's alibi, further investigation would not have changed the result in this case. Thus, there is no prejudice.
 
 
 13
 Pierce also attacks Balcom's failure to speak to Roger Hampton, the paramedic who questioned Mr. Quillen. Mr. Quillen's identification of Keck was introduced through Officer Cook, who stated that Mr. Quillen indicated that he was unsure whether he was shot by Keck or Pierce. While Hampton might have been a better witness and able to testify with less equivocation that Mr. Quillen identified Keck rather than Pierce, this does not rise to the level of probably changing the outcome.
 
 
 14
 We do not view counsel's purported lapses in isolation. Instead, we look to his conduct of the defense as a whole with the strong presumption that it conforms to prevailing standards of reasonableness. From this standpoint, Pierce was not denied the effective assistance of counsel.
 
 IV
 
 15
 For the foregoing reasons, we affirm the district court's denial of the petition for writ of habeas corpus.
 
 
 
 *
 The Honorable Frank J. Battisti, District Judge, United States District Court for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Tennessee law provides "a ground for relief is waived if a petitioner knowingly and understandably failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented.... There is a rebuttable presumption that a ground for relief not raised in any such proceeding which was held was waived." Tenn.Code Ann. § 40-3-112(b). The Criminal Court of Appeals held that the presumption was not rebutted and relief on State v. Miller, 668 S.W.2d 281 (Tenn.1984)
 
 
 [2]
 It ids also noteworthy that, at each level of state court review, the prosecution's brief either did not assert procedural default or asserted it only in the alternative. Meeks v. Bergen, 749 F.2d 322, 325-26 (6th Cir.1984)