# IN THE CRIMINAL COURT OF APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER 1997 SESSION



FILED

**March 12, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **LARRY G. HART,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 02C01-9612-CC-00487 |
| | ) | |
| vs. | ) | Hardin County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Honorable C. Creed McGinley |
| | ) | |
| Appellee. | ) | (Post-Conviction) |
| | ) | |


FOR THE APPELLANT:                    FOR THE APPELLEE:


MS. NAN BARLOW                         JOHN KNOX WALKUP
Attorney At Law                        Attorney General & Reporter
P.O. Box 398
Savannah, TN 38372                     SANDY R. COPOUS
                                       Assistant Attorney General
                                       450 James Robertson Parkway
                                       Nashville, TN 37243-0493

                                       JOHN OVERTON
                                       Assistant Attorney General
                                       Hardin County Courthouse
                                       Savannah, TN 38372



OPINION FILED: _____


**AFFIRMED**


CURWOOD WITT, JUDGE

**OPINION**

The defendant, Larry G. Hart, appeals from the Hardin County Circuit Court's dismissal of his post-conviction petition. The defendant was convicted in the trial court on December 13, 1993 of possession of more than .5 grams of cocaine (Schedule II) with intent to sell, and this court affirmed the conviction on June 29, 1995. State v. Larry G. Hart, No. 02C01-9406-CC-00111 (Tenn. Crim. App., Jackson, June 28, 1995), supplemental opinion on motion for rehearing (Tenn. Crim. App., Jackson, July 26, 1995). The post-conviction matter now before us was initiated by the filing of a post-conviction petition in the trial court on March 20, 1996. After the appointment of counsel and the filing of a brief and an amended petition, a post-conviction hearing was held on July 29, 1996. The trial court entered an order on August 7, 1996, denying post-conviction relief. It is from this order that the defendant appeals. After a complete review of the record and the briefs, we affirm.

On February 26, 1993, a Tennessee Highway Patrol officer received a telephone call informing him that the defendant was driving a red Chevrolet pick-up truck toward Savannah on Highway 128 "with a load of dope." Within a few minutes of the call, the trooper spotted the defendant, whom the officer knew, driving the red Chevrolet pick-up as described by the caller. The trooper stopped the defendant, advised him that he was stopped because the trooper had information the defendant was transporting drugs, and asked the defendant for permission to search the truck and the defendant's person. The defendant consented to the searches, and the trooper found eighteen rocks of crack cocaine in a cigarette package in the defendant's shirt pocket.

The defendant's attorney filed a motion to suppress the contraband, alleging it was obtained in violation of the defendant's rights under the Fourth Amendment to the United States Constitution and article I, section 7, of the Tennessee Constitution. However, while at court awaiting hearing on the motion, defense counsel learned that the call to the trooper was made by James Holt, a

2

jailer with the Hardin County Sheriff's Office. Defense counsel then interviewed Mr. Holt for approximately a half hour. At the post-conviction hearing, the defendant's trial counsel testified that Mr. Holt told him that the information about the defendant's possession of drugs came from a citizen informant whose name Mr. Holt would not reveal but who, Holt said, had given information to Holt in the past and who, on this occasion, said he witnessed the defendant engaging in a drug transaction just prior to the call. Defense counsel testified that, after this interview, he believed the suppression motion was not well-founded, and he withdrew the motion prior to any hearing. The defendant went to trial approximately four months later, and although the defendant did not testify, his defense was based upon a "set-up," positing that the contraband had been surreptitiously placed on him by the person, or by persons in league with the person, who made the call to Mr. Holt.

The defendant's post-conviction claim is that he was deprived of his federal and state constitutional rights to be free of unreasonable searches and seizures and that he was deprived of the opportunity to pursue the search-and-seizure claim because of the ineffective assistance of his trial counsel.

First, we consider the defendant's claim of constitutional shortcoming related to the search and seizure. This claim of a free-standing constitutional error must fail, however, because the issue was not presented to the trial court via a pretrial motion to suppress as is required by Tennessee Rule of Criminal Procedure 12(b)(3). The failure to pursue a pretrial motion constitutes waiver unless good cause is shown for the failure to move for suppression in a timely manner. Tenn. R. Crim. P. 12(f); State v. Roger Odell Godfrey, No. 03C01-9402-CR-00076, slip op. at 3-4 (Tenn. Crim. App., Knoxville, Mar. 20, 1995); State v. Hamilton, 628 S.W.2d 742, 744 (Tenn. Crim. App. 1981); State v. Zyla, 628 S.W.2d 39, 41 (Tenn. Crim. App., 1981); State v. Davidson, 606 S.W.2d 293, 295 (Tenn. Crim. App. 1980).

There was no good cause for failing to pursue the suppression motion

3

to a hearing and a dispositive order. In fact, failure to pursue the matter was a calculated, deliberate action of trial counsel. As a result, the free-standing constitutional search-and-seizure issue is waived. See Tenn. Code Ann. §§ 40-30-206(g), -210(f) (1997); see also State v. Miller, 668 S.W.2d 281, 286 (Tenn. 1984).

We now review the defendant's claim of ineffective assistance of counsel. When an appeal challenges the effective assistance of counsel, the appellant has the burden of establishing (1) deficient representation and (2) prejudice resulting from that deficiency. Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Deficient representation occurs when counsel provides assistance that falls below the range of competence demanded of criminal attorneys. Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). Prejudice is the reasonable likelihood that, but for deficient representation, the outcome of the proceedings would have been different. Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994). On review, there is a strong presumption of satisfactory representation. Barr v. State, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995).

In the present case, the claim of ineffective assistance of counsel is predicated upon the assertion that trial counsel failed to protect the defendant from inculpatory evidence that was the fruit of an illegal investigatory stop. Because a review of the Strickland prejudice prong preemptively disposes of Hart's ineffective assistance claim, we discuss only the prejudice claim and decline to review the performance claim. See Strickland, 466 U.S. at 697, 104 S. Ct. at 2069 (no need to "address both components of the inquiry if the defendant makes an insufficient showing on one"). We hold the defendant failed to establish that he was prejudiced by the alleged ineffective assistance of counsel.

In this proceeding brought under the 1995 Post-Conviction Procedure Act, the defendant bears the burden of proving his claim by clear and convincing

4

evidence.  Tenn. Code Ann. § 40-30-210(f) (1997).

The record contains no evidence about the informant except for the testimony of trial counsel who described his interview with Mr. Holt.  Neither Holt nor the informant were called as witnesses at the post-conviction hearing.  By failing to offer Holt and/or the informant as post-conviction witnesses, the defendant has failed to demonstrate what proof would have been presented at the suppression hearing.  Trial counsel's knowledge -- or lack thereof -- of the informant's circumstances may well be probative of the effectiveness or ineffectiveness of his performance, but it does little to address the prejudice issue.  While the burden of establishing the reasonableness of the detention and search may have rested upon the state at a pretrial suppression hearing,[1] in the proceeding before us the burden rested upon the defendant to show by clear and convincing evidence that the state's suppression burden could not have been carried.  This post-conviction burden has not been carried by the defendant.

Moreover, to the extent that the defendant's post-conviction proof revealed any facts related to the reliability of the tip, we would be constrained to find that such facts, as a matter of law, support the investigatory stop and the search, with the result that no prejudicial ineffective assistance occurred.

In support of the defendant's claim that the contraband was the fruit of an illegal investigatory stop of the defendant's vehicle, the defendant relies primarily upon State v. Coleman, 791 S.W.2d 504 (Tenn. Crim. App. 1989).  In Coleman, this court held that the state constitutionality of an investigative stop based entirely upon an informant's tip is gauged by the two-prong Aguilar-Spinelli test. Coleman, 791 S.W.2d at 505.  See Spinelli v. United States, 393 U.S. 410, 89

_____

[1]See State v. Burton, 751 S.W.2d 440, 445 (Tenn. Crim. App. 1988) (commenting that, once defendant seeking suppression of allegedly illegally seized evidence shows he has a protectable privacy interest, identifies the items to be suppressed, and shows the absence of a warrant, the "burden then shifts to the prosecution . . . [to establish] by a preponderance of the evidence" the justification for the warrantless search and seizure).

S. Ct. 584 (1969); Aguilar v. Texas, 378 U.S. 108, 84 S. Ct. 1509 (1964); see also State v. Jacumin, 778 S.W.2d 430 (Tenn. 1989). While Mr. Holt's information satisfies the basis-of-knowledge prong (in that the caller told Holt that he had seen the defendant participating in a drug transaction just prior to the defendant's trip into Savannah), the defendant argues that the veracity prong was not satisfied.[2] Under this prong of the Arguilar-Spinelli test, the police must know "the informant is credible or his information is reliable." Jacumin, 778 S.W.2d at 436. Based on a lack of proof to satisfy the veracity prong (the officer in Coleman "did not know the informant before the tip was provided," Coleman, 791 S.W.2d at 507) and the basis-of-knowledge prong (the proof failed to show any basis of the informant's knowledge), we found in Coleman no "'reasonable and articulable suspicion'" to support the detention and search under the state constitution.

However, our supreme court has recently filed an opinion which controls the search-and-seizure question now before us, at least based on the facts presented at the post-conviction hearing. See State v. Simpson, --- S.W.2d ---, No. 02S01-9702-CC-00010 (Tenn. Feb. 23, 1998). In Simpson, an officer received a call from a "confidential informant" advising the officer that Simpson and another named person were transporting "100 dilaudid pills from Memphis to McNairy County... traveling from Memphis on Highway 64 in a two-door cream or beige colored Oldsmobile and would arrive in Selmer 'any minute.'" Simpson, --- S.W.2d at ---, slip op. at 2. The officer knew the informant, who was a convicted felon. Nevertheless, the officer believed the informant to be credible. Id., --- S.W.2d at ---, slip op. at 3. He conveyed the information to the Sheriff who located the

_____

[2]For purposes of our review of the facts of the present case, we find no constitutional significance in the fact that the informant spoke with one officer, Mr. Holt, who formed articulable suspicions about the reliability of the tip, although a different officer, the trooper, conducted the investigatory stop. See United States v. Hensley, 469 U.S. 221, 233, 105 S. Ct. 675, 682 (1985) (holding that police from one department may make an investigatory stop of a vehicle "in objective reliance on a flyer or bulletin" issued by another police department, if the police who *issued* the flyer or bulletin possessed a reasonable suspicion justifying a stop") (italics in original). See also State v. Simpson, --- S.W.2d ---, No. 02S01-9702-CC-00010 (Tenn. Feb. 23, 1998).

defendant's car and stopped it. The defendant gave the officers consent to search, first her vehicle, and then her person. During this latter search, drugs were found in the defendant's coat. Simpson relied upon the Aguilar-Spinelli test as embraced by Jacumin, as does the defendant in the present case, to assert that "because the reliability of the tip was not sufficiently established, the tip did not give rise to a reasonable suspicion justifying an investigatory stop." Id., --- S.W.2d at ---. slip op. at 7.

Our supreme court rejected Simpson's claim and held that the reliability of the tip was supported by the evidence and provided reasonable and articulable suspicion for the investigatory stop. Id., --- S.W.2d at ---, slip op. at 17. The court observed that "the two-pronged test of reliability need not be as strictly applied if the informant's tip is being used to establish reasonable suspicion rather than probable cause," id., -- S.W.2d at ---, slip op. at 13, and the court found that the "reasonable suspicion" inquiry was supported by the officer's acquaintance with the informant, buttressed by the confirmed accuracy of the information about the defendant's "future behavior," and by the informant's basis of knowledge, where the "circumstances under which the tip was given indicate that the informant was an eye-witness." Id., --- S.W.2d at ---, slip op. at 15.

We note that the bases for satisfying both prongs are even stronger in the present case, compelling the conclusion, per Simpson, that the officer's suspicion of Hart was reasonable, supported by specific and articulable facts, and justifying the investigatory stop. Id., --- S.W.2d at ---, slip op. at 16; see Adams v. Williams, 407 U.S. 143, 92 S. Ct. 1921 (1972); see also State v. Pulley, 863 S.W.2d 29 (Tenn. 1993).

Having found the detention "constitutionally valid," id., --- S.W.2d at ---, slip op. at 17, the supreme court disposed of Simpson's claim that the search "was unreasonable and exceeded the scope of a valid Terry [v. Ohio, 392 U.S. 1,

88 S. Ct. 1880 (1968)] stop" by finding that the search of her person was consensual. <u>Simpson</u>, --- S.W. 2d at ---, slip op. at 19. Although the defendant in the present case has not claimed an invalid search of his person apart from the predicate illegality of the investigatory detention, we find that the consent offered by the defendant supports the ultimate search and the seizure of the contraband, based on <u>Simpson</u>. <u>See</u> <u>also</u> <u>State v. Brown</u>, 836 S.W.2d 530, 547 (Tenn. 1992) (validating a consent to search that is "unequivocal, specific, intelligently given, and uncontaminated by duress or coercion").

Therefore, based on <u>Simpson</u> and the facts shown by the defendant, the suppression motion should have been denied, and for this additional reason, no prejudice is found, and the ineffective assistance claim must fail.

Accordingly, the judgment of the trial court is affirmed.

_____
CURWOOD WITT, JUDGE

CONCUR:

_____
JOE B. JONES, PRESIDING JUDGE

_____
JERRY L. SMITH, JUDGE