IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1998 SESSION



FILED

April 7, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9708-CR-00354 |
| | ) | |
| | ) | Carter County |
| v. | ) | |
| | ) | Honorable Lynn W. Brown, Judge |
| | ) | |
| CHRISTOPHER G. LAMBERT, | ) | (Certified question of law) |
| | ) | |
| Appellant. | ) | |


For the Appellant:

David F. Bautista
District Public Defender
142 E. Market Street
P.O. Box 996
Johnson City, TN 37605
(AT TRIAL & ON APPEAL)

Robert Oaks
Assistant Public Defender
Courthouse
Elizabethton, TN 37643
(AT TRIAL)

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
and
Elizabeth B. Marney
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

David E. Crockett
District Attorney General
Route 19, Box 99
Johnson City, TN 37601

Kenneth Baldwin
Assistant District Attorney General
900 E. Elk Avenue
Elizabethton, TN 37643


OPINION FILED:_____


AFFIRMED

Joseph M. Tipton
Judge

The defendant, Christopher G. Lambert, appeals as of right from the Carter County Criminal Court upon a certified question of law that is dispositive of the cases involved. The defendant entered pleas of guilty to driving under the influence (DUI), third offense, and three charges of driving in violation of an Habitual Motor Vehicle Offender (HMVO) judgment that barred him from driving. He received an effective sentence of three years in a community corrections program, including time served of two hundred eight days, and was fined $1,130. The issue presented in the order of certification is:

> Whether the court erred in failing to set aside the defendant's status as an Habitual Motor Offender and likewise erred by failing to dismiss the counts of the indictment charging the defendant with driving while classified as an Habitual Motor Offender.

The trial court is affirmed.

The gist of the defendant's complaint in the trial court related to the fact that at the times he was served with the petition to declare him an habitual offender and the Carter County hearing was held, he was in jail in Washington County. He contended that the Washington County jailers would not transport him and that he is entitled to have the judgment set aside as void or unfair under Rule 60.02, Tenn. R. Civ. P. He acknowledged, though, that he had five prior DUI convictions and would be subject to HMVO status at the hearing. Also, he indicated that he did not try to contact anyone in Carter County about the problem and that he did nothing about the situation once he got out of jail. The next action anyone took on his behalf occurred in February 1997, when counsel in the present case filed the motion that is in issue.

The trial court concluded that the defendant's claim related to the HMVO judgment being voidable, but not void. It also found that the defendant waited

approximately a year and nine months before filing his motion without any just cause for the delay. It stated that no defense to the HMVO action existed under the proof. It concluded that no relief was warranted under Rule 60.02.

We agree with the trial court's findings and conclusions. A motion for relief under Rule 60.02, Tenn. R. Civ. P., for any reason that might otherwise justify relief is contingent upon the motion being filed within a reasonable time. It is obvious that the trial court concluded that there was unjustifiable delay and no just reason to set the judgment aside under the circumstances. It was within the trial court's discretion to deny relief. See Day v. Day, 931 S.W.2d 936, 939-40 (Tenn. Ct. App. 1996). The record sufficiently supports the trial court's decision.

In this appeal, the defendant raises for the first time that the record fails to show that he was served with the default judgment, and he claims that the judgment was not effective against him. See, e.g., State v. Robert Edward Boling, No. 03C01-9511-CC-00347, Sullivan County (Tenn. Crim. App. Apr. 3, 1997); see also Tenn. R. Civ. P. 58. However, the defendant cannot litigate one ground at trial, then assert another ground on appeal. See, e.g., State v. Miller, 668 S.W.2d 281, 285 (Tenn. 1984); State v. Woods, 806 S.W.2d 205, 210 (Tenn. Crim. App. 1990). The claim now raised by the defendant was not litigated in the trial court, and the state was given no opportunity to address it. In any event, though, we believe that the judgment is facially valid, including showing substantial compliance with Rule 58(2), Tenn. R. Civ. P., regarding entry of an effective judgment by including the trial court's and state's counsel's signatures and counsel's certification of service of the judgment on the defendant through the United States Mail.

In consideration of the foregoing and the record as a whole, the judgments of conviction are affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Gary R. Wade, Judge


_____
William M. Barker, Judge