**Robin Moore DAY, Plaintiff–Appellee,**

v.

**Frank L. DAY, Defendant–Appellant.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

April 23, 1996.

Application for Permission to Appeal
Denied by Supreme Court
Sept. 9, 1996.

---

James D. Causey, Jean E. Markowitz, Memphis, for Plaintiff–Appellee.

Robert D. Meyers, Spicer, Flynn & Rudstrom, Nashville, for Defendant–Appellant.

CRAWFORD, Presiding Judge, Western Section.

Frank L. Day, petitioner-appellant, appeals from the order of the trial court denying his petition to modify a final decree of divorce.

Petitioner and Robin Moore Day, respondent-appellee, were divorced on the ground of inappropriate marital conduct. The Final Decree of Divorce was entered November 12, 1992, and *inter alia* ordered petitioner to pay $40,000.00 alimony *in solido*. The decree states that the parties are to work out a payment schedule for payment of the alimony award. We quote from the decree:

> 14. The Defendant, Frank L. Day, shall pay to the Plaintiff, Robin Moore Day, the sum of Forty Thousand Dollars ($40,000.00) as alimony in solido, to be paid in installments as worked out by the parties. If a payment schedule is not worked out by the parties by January 1, 1993, this matter shall be brought back before the court to set payments.

On February 17, 1993, Ms. Day filed a Petition for Enforcement of Final Decree of Divorce and For Instructions. In the petition Ms. Day complained of "Mr. Day having made no effort to work out an agreement to begin paying the $40,000.00 alimony *in solido* award (which was to have been in place by January 1, 1993) pursuant to the Final Decree of Divorce." No order was ever entered on this petition.

On March 16, 1993, Ms. Day filed a Petition for Scire Facias in which she requested, *inter alia*, "[t]hat the Respondent [Frank L. Day] be required to immediately enter into a payment schedule for the payment of the Forty Thousand Dollar ($40,000.00) alimony *in solido* award that was granted to the Petitioner." In his answer to the petition, Mr. Day contended that he "[was] without funds and ... unable to pay the alimony...." The trial court found Mr. Day in contempt of court as to other provisions of the petition and sentenced him to five days in the Shelby County jail. On November 15, 1993, Ms. Day filed another Petition for Scire Facias again seeking *inter alia* payment of the $40,000.00 alimony award. Mr. Day filed a Response to Petition for Scire Facias and Counter–Petition for Scire Facias in which he responded that "the Court has not set any payment schedule for the payment of the alimony *in solido* awarded to the petitioner in the Final Decree of Divorce. Further, respondent anticipates filing a Motion to Modify Final Decree of Divorce regarding the alimony *in solido* in the near future." In the court's Order on Petitions for Scire Facias entered on December 17, 1993, the court ordered Mr. Day to pay certain child support obligations and attorney fees awarded pursuant to the Final Decree of Divorce. With respect to the alimony *in solido*, the order states:

> The above arrangement does not address the alimony in solido as awarded by the Court at the trial nor dental payments that are disputed by the Defendant. The Defendant, Frank L. Day, shall within thirty (30) days of entry of this Order make arrangements to begin payments of those amounts or take some affirmative action to have the issues addressed by the Court.
>
> \* \* \* \* \* \*
>
> IT IS, THEREFORE, FURTHER ORDERED ADJUDGED AND DECREED, by consent of the parties:
>
> \* \* \* \* \* \*
>
> That as to the issues of the alimony in solido awarded in the divorce and dental payments which are disputed by the Defendant, Frank L. Day, the Defendant, Frank L. Day, shall make arrangements within thirty (30) days to begin payment of these amounts or take some affirmative action to have the issues addressed by the Court. (emphasis in original).

On January 19, 1994, Mr. Day filed a Petition for Modification of Final Decree of Divorce as to Alimony. In the petition, Mr. Day sought to have the final decree modified to eliminate the alimony provision or alternatively to stay its enforcement. In the petition, Mr. Day also sought relief under Tenn. R.Civ.P. 60.02. Ms. Day filed a response to the petition arguing, *inter alia*, that the alimony award could not be modified, because the award became final thirty days after entry of the Final Decree of Divorce. Ms. Day contended that because Mr. Day had failed to appeal the Final Decree of Divorce, and because the award was of alimony *in solido*, the award was unmodifiable.

The chancellor held a hearing on the petition for modification on April 11, 1994, and by order entered April 26, 1994, denied the petition for modification. The transcript of the proceedings indicates that the chancellor denied relief (1) because the decree was a final award of alimony *in solido* and not modifiable, and (2) because the petitioner's Rule 60.02 motion in the petition, which was filed fourteen months after entry of the Final Decree of Divorce, was untimely. The court refused to allow counsel for Mr. Day to put on proof regarding Mr. Day's ability to pay the alimony award. Mr. Day filed his Notice of Appeal on May 10, 1994, and presents three issues for our review. As stated in his brief, those issues are:

1. Whether or not the trial court erred in awarding the appellee alimony in solido out of the future earnings of the appellant when the appellant had no present property either real or personal, from which to satisfy the trial court's award of alimony in solido.

2. Whether or not the court erred in dismissing the appellant's motion to modify

the final decree of divorce as untimely filed.

3. Whether or not the court erred in not allowing the appellant to present his offer of proof to make a record for this honorable court to review.

The appellee also presents one issue for our review:

Whether Appellee should be awarded attorney fees and suit expenses for defending this appeal?

■ In petitioner's first issue, he asserts that the trial court erred in awarding alimony *in solido* because he did not have present means to pay the award. Petitioner's assertion must fail for several reasons. First, he raises the question too late. He did not appeal from the Final Decree of Divorce which awarded the alimony, and therefore, the decree became final thirty days after its entry. Final awards of alimony *in solido* are not modifiable. *Brewer v. Brewer,* 869 S.W.2d 928 (Tenn.App.1993).

Petitioner also argues that alimony *in solido* is not to be awarded out of future earnings. However, in *Aleshire v. Aleshire,* 642 S.W.2d 729 (Tenn.App.1981), this Court, addressing that issue, stated:

We do not hold that in no event may alimony *in solido* be awarded from future earnings. Extreme circumstances could arise where it might be necessary to do so. Illustrative of those circumstances, but not all inclusive, is a situation where a spouse intentionally disposed of his or her tangible assets in order to deprive the other spouse of alimony *in solido* or where it could be shown that a spouse entered into the marriage solely to have his or her spouse work and provide him or her with an education.

642 S.W.2d at 733.

■ In the instant case, the trial court found that Ms. Day should be reimbursed for the indebtedness she incurred in educating herself in order to provide for her own support. The trial court noted that had this not been done, she would have been entitled to rehabilitative alimony for the same purpose. Extreme circumstances exist in this case to warrant an award of alimony *in solido* out of future earnings.

■ Petitioner also asserts that his petition to modify the divorce decree was not untimely, because the decree was not final since no payment schedule was ever ordered. We disagree. The award of alimony *in solido* for a sum certain was final, and the only thing left undone was the method of payment. The method of payment chosen by the parties would in no way change the total amount awarded when the decree became final.

The next issue is whether the trial court erred in dismissing the petition for relief from the final decree pursuant to the provisions of Tenn.R.Civ.P. 60.02. Rule 60.02 provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:

\*    \*    \*    \*    \*    \*

(5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

■ A motion for relief under Rule 60.02 addresses itself to the sound discretion of the trial judge, and the scope of review is whether the trial judge abused that discretion. *Underwood v. Zurich Ins. Co.,* 854 S.W.2d 94, 97 (Tenn.1993). The broad power granted by Rule 60.02(5) is not to be used to relieve a party from free, calculated, and deliberate choices he or she has made. *Banks v. Dement Constr. Co.,* 817 S.W.2d 16, 19 (Tenn.1991). Petitioner's claim for relief based on Rule 60.02(5) must fail for two reasons. First, it was filed approximately fourteen months after the decree became final and after many proceedings in court in

which petitioner could have raised the same issue. It simply was not filed within a reasonable time. Second, petitioner made a "free, calculated, and deliberate choice" not to appeal from the final decree awarding alimony *in solido*. This issue is without merit.

The third issue is whether the trial court erred in not allowing petitioner to make an offer of proof. Petitioner asserts that he attempted to make an offer of proof "regarding the issues presented in its [sic] petition to modify the final decree of divorce." An examination of the petition indicates that the proof petitioner sought to introduce concerned his lack of discernable assets at the time the decree was entered and his subsequent financial hardships. This proof could have no bearing on this case in view of the court's ruling that the petition was without merit as a matter of law. The petitioner also contends that he should have been allowed to offer proof on the issues of whether the final decree was in fact a final judgment and whether the court properly could award alimony *in solido* out of future earnings. These matters were resolved adversely to petitioner as a matter of law, and any offer of proof would have had no bearing on the issues before the court. In circumstances in which it is obvious from the record that the proffered evidence could, under no circumstances, be relevant to the issues, a trial court's refusal to grant an offer of proof is not error. *Alley v. State*, 882 S.W.2d 810 (Tenn.Crim.App.1994). In the case at bar, the proof by petitioner of the factual matters presented in his petition would have had no bearing on the trial court's decision which was made as a matter of law based on the undisputed facts.

Respondent has asked this Court to award attorney fees incurred on appeal, and the Court after considering the record as a whole is inclined to allow both parties to pay their own fees.

The order of the trial court denying the petition is affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary. Costs of this appeal are assessed against the appellant.

LILLARD, J., and HEWITT P. TOMLIN, Jr., Senior Judge, concur.