IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

GRETCHEN BROOKE KAEMMER
SMITH,

    Petitioner-Appellant,

Vs.

KENNETH LEE SMITH,

    Respondent-Appellee

THE HONORABLE FLOYD
PEETE, JR., CHANCELLOR

*REVERSED AND REMANDED*

Shelby Chancery No. D14503-2
C.A. No. 02A01-9705-CH-00099

Robert F. Miller, Jeri T. Moskovitz
of Wolff Ardis of Memphis
For Appellant

Nili Sauer of Memphis, For Appellee

FILED

December 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

_____

MEMORANDUM OPINION[1]
_____

*CRAWFORD, J.*

This appeal concerns a post-divorce proceeding involving child support and alimony arrearages. The parties, Gretchen Brooke Kaemmer Smith (Wife), and Kenneth Lee Smith (Husband), were divorced by decree entered October 5, 1987. The parties had six children, and the decree incorporated a child custody, support and property settlement agreement. As pertinent to the issues before us on appeal, Wife was awarded custody of the children, child support, alimony *in solido*, payable in monthly installments, and alimony *in futuro*, payable in monthly installments. In part of 1995 and 1996, Husband had employment problems and failed to pay all of the monthly installment obligations provided for in the decree.

On May 9, 1996, Wife filed a "Petition for Scire Facias and Contempt" seeking to hold Husband in contempt for his failure to comply with the final decree and for recovery of arrearages for the past due child support, alimony *in solido*, and alimony *in futuro*. Husband's answer admitted that because of his unemployment he was unable to meet the required installment payments, but averred that he was entitled to various credits against his obligations because of other monies Wife controlled pursuant to their separation agreement.

_____

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

After an evidentiary hearing on June 19, 1996, the court entered its order on October 29, 1996, which provided, as pertinent to the issues on appeal.

> 3. Pursuant to the agreement, Respondent agreed to pay 7/8 of his net income minus alimony and insurance obligations required by the Agreement; that Respondent has paid to the very best of his ability; that Respondent is not guilty of contempt; that the petition for Scire Facias and Contempt is hereby denied; and said arrearages are hereby forgiven.

Wife has appealed only from that part of the order which forgives arrearages for past due child support and alimony *in solido*. The only issue on appeal is whether the trial court erred in forgiving these arrearages. Husband's brief asserts that the court did not forgive past due child support and alimony *in solido* but merely allowed Husband credit on these obligations because of various other sums of money that Wife appropriated and used. We must disagree with this assertion. The order of the trial court is quite explicit that the arrearages for which the petition was filed are forgiven. The court speaks through its orders and decrees entered upon the minutes of the court. *Palmer v. Palmer*, 562 S.W.2d 833 (Tenn. App. 1977), and the court's order unambiguously states that the arrearages sought by Wife are forgiven. To forgive arrearages the trial court must have found there to be arrearages, and that brings us to the issue presented for review as to whether the trial court erred in forgiving the arrearages.

Wife first asserts that the trial court erred in forgiving the arrearages in child support for any period of time prior to the filing of a proceeding to modify the final decree. The record is silent on the filing of a petition to modify the final decree as to child support, but Husband's brief states that a petition to modify the final decree was filed on June 14, 1996. In any event, there can be no modification of a judgment for child support as to "any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties." T.C.A. § 36-5-101(a)(5) (1996). The trial court erred in forgiving any arrearages in child support covered by the statute.

Wife also asserts that the trial court erred in forgiving arrearages in installments of alimony *in solido*. We agree. The award of alimony *in solido* becomes final 30 days after the entry of the final decree containing the alimony award and is not subsequently modifiable. ***Day***

2

*v. Day*, 931 S.W.2d 936 (Tenn. App. 1996).

The order of the trial court is reversed, and the case is remanded to the trial court for a determination of the amount of arrearages of child support as allowed by T.C.A. § 36-5-101(a)(5) and for a determination of the amount of arrearages of alimony *in solido*. The court shall also determine what credits, if any, Husband is lawfully entitled to which will reduce or eliminate the amount of the arrearages. Costs of the appeal are assessed equally against the parties.

_____

**W. FRANK CRAWFORD,**

**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____

**DAVID R. FARMER, JUDGE**

_____

**HOLLY KIRBY LILLARD, JUDGE**