# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### November 6, 2001 Session

## YONA BOYD, ET AL. v. DONALD BRUCE, M.D., ET AL.

**A Direct Appeal from the Chancery Court for Davidson County**
**No. 99-2350-II     The Honorable Carol McCoy, Chancellor**

---

### No. M2000-03210-COA-R3-CV - Filed December 5, 2001

---

This is an appeal of the trial court's order denying plaintiff's relief pursuant to Tenn.R.Civ.P. 60.01. We affirm the trial court.

### Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY KIRBY LILLARD, joined.

David E. Danner, Nashville, For Appellants, Yona Boyd and Brenda Collier

Thomas L. Whiteside, Nashville, For Appellees, Donald Bruce, M.D. and D & C Property Mgmt. Corp.

### OPINION

Plainitff-appellants, Yona Boyd and Brenda Collier, filed suit against Donald Bruce, M.D.("Bruce") and D & C Property Management Corp. ("D & C") on August 19, 1999 in the Chancery Court of Davidson County seeking compensation based on an alleged employer-employee relationship. By order entered December 8, 1999, the chancery court dismissed plaintiffs' suit for failure to state a claim upon which relief can be granted and for failure to join an indispensable party. No appeal was taken from this order.[1]

On February 25, 2000, appellants filed a motion to set aside the December 8, 1999 order of dismissal pursuant to Tenn.R.Civ.P. 60.02. This motion was denied by order entered March 22, 2000. No appeal was taken from this order.

---

[1] After the dismissal order became final, appellants filed suit against Prime Focus, Inc., the alleged indispensable party. Subsequently, appellants attempted to amend the complaint to add Bruce and D & C as parties defendant, but this attempt was denied.

On October 20, 2000, appellants filed a motion to amend the December 8, 1999 order pursuant to Tenn.R.Civ.P. 60.01 to delete the phrase "failure to state a claim upon which relief can be granted" from said order. By order entered January 8, 2001, the court denied appellants' motion. This order denying the motion is the basis of this appeal, and the only issue for review is whether the trial court erred in denying the appellants' 60.01 motion.

A motion for relief under Rule 60.02 addresses itself to the sound discretion of the trial judge, and the scope of review is whether the trial judge abused that discretion. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *Day v. Day*, 931 S.W.2d 936 (Tenn. Ct. App. 1996). Obviously, the scope of review is the same when relief is sought pursuant to the provisions of Rule 60.01 to modify the language of a court order. The rule provides:

> **Rule 60.01. Clerical Mistakes**
> Clerical mistakes in judgments, orders or other parts of the record, and errors therein arising from oversight or omissions, may be corrected by the court at any time on its own initiative or on motion of any party and afer such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

In the instant case, the appellants have asked the trial court to delete the language constituting the basis of the trial court's ruling, i.e., that the complaint fails to state a claim upon which relief can be granted. The trial court certainly is cognizant of the reason for its ruling, and the denial of appellants' motion under these circumstances in no way could be considered an abuse of discretion by the trial court.

The appeal in this case is totally without merit. There are no debatable questions of law, nor are there any disputed facts. There simply is no justiciable question presented in this appeal. *See Davis v. Gulf Ins. Group*, 546 S.W.2d 583 (Tenn. 1977). Appellants failed to appeal the previous denial by the court of their Rule 60.02 motion, but nevertheless decided to file this appeal of the trial court's denial of their Rule 60.01 motion. This is a frivolous appeal.

Accordingly, the order of the trial court is affirmed, and the case is remanded to the trial court for a determination of damages due appellees pursuant to T.C.A. § 27-1-122 (2000). Costs of appeal and damages as determined by the trial court are assessed against the appellants, Yona Boyd and Brenda Collier, and their sureties, for which execution may issue, if necessary.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.