IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 19, 2009 Session

## HENRY EDDIE FRAZIER, ET AL. v. RICKEY W. HELTON, ET AL.

**Appeal from the Chancery Court for Rutherford County**
**No. 06-1968CV    Robert Corlew, Chancellor**

---

**No. M2008-01237-COA-R3-CV - Filed April 30, 2009**

---

Buyers of a corporation filed suit against sellers for breach of contract. Buyers filed a motion for default judgment for failure to answer written discovery requests, which the trial court granted. Following a hearing on damages, the court entered a final judgment. Two of the sellers filed a motion, seeking to alter or amend the judgment, a new trial or for relief from the judgment, which the trial court denied. On appeal, they contend that the default judgment was void for failure to give them proper notice of the motion or, alternatively, that it was voidable since the sellers' failure to answer the motion for default judgment was due to their not having notice of the motion, thereby constituting excusable neglect. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S. and ANDY D. BENNETT, J. joined.

Rodney M. Scott, Murfreesboro, Tennessee, for the appellants, Rickey W. Helton and Barbara B. Helton.

James B. Johnson, Nashville, Tennessee, for the appellees, Henry Eddie Frazier and Ida Frazier.

## OPINION

### I. Factual and Procedural History

Defendants Daniel, Karen, Rickey, and Barbara Helton[1] owned Eagleville Residential Care Home II, Inc. ("Corporation"), a Tennessee corporation that owned and operated a residential care facility for disabled U.S. Armed Forces veterans called Eagleville Residential Care Home ("Home"). On or about May 31, 2006, the defendants entered into an Agreement for Sale of Real Estate ("Agreement") with Henry and Ida Frazier ("Fraziers"), in which the Fraziers agreed to purchase the

---

[1] Daniel and Rickey Helton are brothers; Karen and Barbara are their wives.

Corporation, including all assets and real estate, for $300,000.00. The Agreement, as modified by an Addendum, required Daniel Helton to continue as 1% owner and President of the Corporation "until such time a [sic] any necessary licensure approval is obtained from the State of Tennessee Department of Mental Health and Developmental Disabilities." Mr. Helton was to assist the Fraziers in getting the license to operate the facility transferred.

On June 27, 2006, Daniel Helton submitted a license renewal application for the Home.[2] According to the allegations of the complaint, the Home was inspected on July 25 and cited for thirty-four rules violations. The Fraziers alleged that, rather than take measures to cure the violations, Daniel and Karen Helton asked the Department on September 21 for assistance in relocating the residents. The license was not renewed and the relocation, as requested by Daniel and Karen Helton, was accomplished.

The Fraziers had paid the full price under the contract for the Corporation on August 24, 2006, and on December 27, 2006, they filed suit against the defendants for breach of contract, seeking the return of the purchase price of the Corporation, incidental and consequential damages, attorneys' fees and costs. Each defendant was individually served with process and the complaint.

On February 23, 2007, the Fraziers filed a motion for a default judgment against all defendants for failing to timely file an answer. A copy of the motion was served upon each defendant and a hearing on the motion scheduled for March 7, 2007. Attorney Jeffrey B. Cox sent a letter, dated March 6, 2007, to the Fraziers' counsel, which memorialized an agreement between himself and the Fraziers' counsel, that an answer would be filed within a week and the motion would be withdrawn. The Fraziers withdrew their motion.

On April 5, 2007, the Fraziers filed a second motion for default, as the defendants had not filed an answer. Notice of this motion was served upon Attorney Cox as counsel for the defendants. On April 15, 2007, Attorney Cox filed an answer, which asserted affirmative defenses and a counterclaim. The caption of the answer contained the names of all four defendants and the first line stated "[c]ome now the Defendants, by and through counsel. . . ." Following the filing of the answer, the Fraziers withdrew the motion and filed an answer to the counterclaim.

On August 8, 2007, the Fraziers filed their third motion for default, based on the defendants' failure to respond to discovery requests as previously ordered by the court. The motion sought a default judgment pursuant to Rule 55.01, Tenn. R. Civ. P., for failure to defend the action.[3] Copy of the motion was served upon Attorney Cox as counsel for the defendants. On August 14 Attorney

---

[2] The Home's license was due to expire on July 31, 2006.

[3] Tenn. R. Civ. P. 55.01, in part pertinent, states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, judgment by default may be entered."

Cox filed a motion seeking to withdraw as counsel for defendants, on the ground that the defendants had substantially failed to fulfill their obligations attendant to his engagement.[4]

On August 22, 2007, the trial court heard both Attorney Cox's motion and the motion for default judgment. The trial court granted the motion to withdraw; however, Mr. Cox represented the defendants in opposition to the default judgment motion. The trial court granted default judgment against the defendants on September 5, 2007, holding that the defendants had "wilfully failed to defend this matter as required by the Tennessee Rules of Civil Procedure." The Fraziers' attorney, who prepared the order memorializing the court's rulings, certified that five copies of the order were distributed: one to Attorney Cox and the other four to each defendant at their home address.

On August 24, 2007, Attorney Cox filed a Motion to Set Aside the Default Judgment, supported by the affidavit of Daniel Helton.[5] Again the motion's caption contained the names of all four defendants and the first line stated "[c]ome now the Defendants, by and through counsel. . . ." The trial court heard and denied the motion by order entered on November 8, 2007.

A hearing was held on March 3, 2008, to determine the Fraziers' damages; Attorney Cox participated and represented the defendants at the hearing. The court entered an order on March 5, awarding damages to the Fraziers, including the return of the purchase price and $60,364.16 in further damages, as well as re-titling the Corporation to the defendants.

On April 9, 2008, Rodney M. Scott entered a Notice of Appearance as attorney for Rickey and Barbara Helton ("Heltons") and filed, on their behalf, a pleading styled "Motion to Alter or Amend Judgment, Motion for New Trial, and/or for Relief from a Final Judgment, Order, or Proceeding" ("Post-Judgment Motion"), which requested the court to "set aside, or alter or amend its judgment as set forth in the Orders entered in this cause on September 5, 2007, any Order arising out of the proceedings of March 3, 2008, and any other Order purporting to bind [the Heltons] to any liability or damages in this cause. . . ."[6] The trial court denied the motion by order entered on May 7, 2008. The Heltons filed a Notice of Appeal on June 3, 2008.

## II. Statement of the Issues

The Heltons raise the following issue on appeal:

---

[4] The record does not contain a response to the third default judgment motion.

[5] The record does not reveal why Attorney Cox continued to represent the defendants after his Motion to Withdraw was granted.

[6] Defendants Daniel and Karen Helton did not contest the entry of default judgment against them, did not join in filing this post-judgment motion and are not parties to this appeal.

Did the trial court err in not setting aside the Order for Default Judgment entered September 5, 2007, and the subsequent Orders arising from or relating to said Default Judgment as to the Heltons in view of the uncontroverted evidence in the record that the Heltons were not represented by counsel and were not notified of the August 22, 2007, hearing on the Fraziers' Motion for Default Judgment?

## III. Analysis

We begin our analysis by determining the legal basis upon which the Heltons filed their Post-Judgment Motion, which states that it is filed "pursuant to Tennessee Rules of Civil Procedure 59.02, 59.04, and/or 60.02." The motion was filed on April 9, 2008, thirty-five days after entry of the March 5, 2008, order awarding damages and other relief to the Fraziers. "A judgment becomes final in the trial court thirty days after its entry if no post-trial motions are filed." *State v. Mixon*, 983 S.W.2d 661, 670 (Tenn. 1999); *see Waters v. Ray*, 2008 WL 2557360, at *1 (Tenn. Ct. App. June 25, 2008)). Thus, the judgment was final at the time the motion was filed, *Mixon*, 983 S.W.2d at 670, and the trial court could not grant relief under Rule 59, Tenn. R. Civ. P.[7] *See also Moon v. Keisling*, 2008 WL 4367557, at *2 (Tenn. Ct. App. Sept. 24, 2008).[8] The only relief available to a party after a judgment becomes final is pursuant to Rule 60, Tenn. R. Civ. P. *Id*. at *3.

Rule 60.02 provides an "exceptional remedy." *Nails v. Aetna Insurance Co.*, 834 S.W.2d 289, 294 (Tenn. 1992); *Steioff v. Steioff,* 833 S.W.2d 94, 97 (Tenn. Ct. App. 1992). Its function is "to strike a proper balance between the competing principles of finality and justice." *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976). It is "an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." *Thompson v. Firemen's Fund Insurance Co.*, 798 S.W.2d 235, 238 (Tenn. 1990).

A motion for relief based on Rule 60.02 addresses itself to the sound discretion of the trial judge, and the scope of review of this court is to determine if that discretion was abused. *Underwood v. Zurich Insurance Co.*, 854 S.W.2d 94 at 97 (Tenn. 1993); *see also Day v. Day*, 931 S.W.2d 936, 939 (Tenn. Ct. App. 1996). Under the abuse of discretion standard, the appellate court may not substitute its judgment for that of the trial court. *Id*. (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998)).

In support of the Post-Judgment Motion, Rickey Helton filed an affidavit which stated, in part, that:

---

[7] "Rule 59...is the appropriate remedy for asserting alleged errors affecting a judgment which has not yet become final." *Henson v. Diehl Machines, Inc.*, 674 S.W.2d 307, 310 (Tenn. Ct. App. 1984) (quoting *Campbell v. Archer*, 555 S.W.2d 110, 112 (Tenn. 1977)).

[8] "Once a judgment...becomes a final judgment, the trial court loses the right to exercise control over it due to the fact that the judgment is final for the purposes of appeal and final as *res judicata* upon the facts then existing." 2008 WL 4367557, at *2 (quoting *Hodge v. Hodge*, 2007 WL 3202769, at *4 (Tenn. Ct. App. Oct. 31, 2007)).

-4-

2. At no time did I, nor my wife...retain [Attorney Cox]..., pay [Attorney Cox] any funds, nor understand that [Attorney Cox] was in any wise representing us in this cause; . . . 4. [Attorney Cox] confirmed to me that he was working to have my wife and I so [sic] "taken off" as Defendants. . . . 5. Neither my wife nor I were served or sent notice of hearings on this case other than the initial Complaint, and the first Motion for Default Judgment filed February 23, 2007, which Motion we understood was being dealt with by Daniel Helton along with his counsel, such that my wife and I were to be dismissed from the case as Defendants. . . . 6. Neither my wife nor I were notified of hearings by Mr. Cox following his appearance in the case, other than the proceeding which was heard on March 3, 2008. . . . We still understood as of that proceeding that Daniel L. Helton and his attorney, Mr. Cox, were to have my wife and I removed from the action as defendants. . . . 8. My wife and I were not represented by counsel during the proceedings prior to the filing of the present Motion, and were misled by Daniel L. Helton into believing that everything was being "taken care of", which led us to not contesting the improper entry of the Default Judgment on September 5, 2007. . . . 10. We were not served with the Motion to Withdraw . . . . 11. Neither my wife nor I received notice of the August 22, 2007, hearing on the Motion for Default Judgment, until after the hearing, and were not represented by counsel at the time of hearing. . . .

The Heltons contend this shows that Attorney Cox was not given explicit authorization to represent them; that they did not receive notice of any hearings at which he was alleged to be their attorney; and that Attorney Cox's Motion to Withdraw was never served upon them, as would presumably be done if he were their attorney. Consequently, their failure to respond to the default judgment motion was the product of excusable neglect.

Rule 6.01 of the Local Rules of the Sixteenth Judicial District of Tennessee, governing proceedings in Rutherford County Chancery Court, addresses the entry of appearance by an attorney as the counsel of record. The rule states:

All counsel who have entered an appearance in a case will be counsel of record. Entry of appearance shall be made in one of the following ways:

a) A written request by counsel to the Clerk that an appearance be entered;
b) The filing of pleadings; or
c) The filing of a formal entry of appearance.

By filing the Answer, Attorney Cox entered an appearance with the trial court as counsel of record pursuant to Local Rule 6.01. Inasmuch as the Answer stated that it was filed by "the Defendants, by and through counsel," the court and the plaintiffs were entitled to presume that Attorney Cox had authority to enter his appearance their counsel of record. *See Kennedy v. Security*

*Bldg. & Sav. Ass'n*, 57 S.W. 388, 396 (Tenn. Ch. App. 1900).[9] In overcoming the presumption that Mr. Cox was authorized to represent them, it was incumbent upon the Heltons to come forward with "cogent and strong proof" that no such authorization was given. *Jones v. Williamson*, 1868 WL 2125 (Tenn. April 1868) at *4.[10] This they have failed to do.

The representation that Attorney Cox was not authorized to represent Rickey and Barbara Helton was first raised in the trial court a year and a half after the complaint was filed, nearly a year after an answer and counterclaim was filed on their behalf and seven months after the default judgment was entered. The statements of Rickey Helton that Attorney Cox was "working to have [the Heltons] 'taken off' as Defendants" implicitly acknowledges that Mr. Cox was taking measures on their behalf with regard to the suit. While the statements in Mr. Helton's affidavit may indicate lack of diligence on the Heltons' part and lack of communication on Mr. Cox' part, the statements are insufficient to overcome the presumption that Attorney Cox was authorized to represent the Heltons.

In accordance with Rule 5.02, Tenn. R. Civ. Proc., service of pleadings on Mr. Cox was service upon the defendants and they were chargeable with information communicated to him.[11] A copy of the third motion for default was certified as being mailed to Attorney Cox on August 7, 2008;[12] a hearing on the motion was held on August 22, 2008. Since he received notice more than five days before a hearing on the default judgment motion, as required by Rule 55.01, Tenn. R. Civ. P., notice was timely served upon him as counsel of record. As Attorney Cox was counsel of record for the Heltons and timely notice of the hearing was served upon him, timely notice of the hearing

---

[9] "[T]he law is that a regularly licensed attorney appearing for a party...is presumed to have authority to do so, and a decree in the suit will not be set aside on slight evidence on the ground that he was unauthorized to represent the party." *Kennedy,* 57 S.W. at 396.

[10] "[I]t is incumbent on the party assailing it [a decree obtained by an unauthorized attorney], on the ground of the want of authority in the attorney, to appear, to make out a clear and unmixed case, free from fault and negligence on his part. Public policy requires this in view of the fact that it is easy for one party, especially after the lapse of time, to deny the attorney's authority, and difficult for the other party to show the authority, even if it existed. Hence, it is a sound rule, to require the party assailing the judgment or decree on this ground, to show clear merits, to take prompt action, and to establish his right by cogent and strong proof. *Jones,* 1868 WL 2125 at *4.

[11] "It is well settled that '[k]nowledge of facts learned by an attorney in the course of his [or her] employment will be imputed to his client.'" *Boote v. Shivers*, 198 S.W.3d 732, 742 (Tenn. Ct. App. 2005) (quoting *Bellar v. Baptist Hosp., Inc.*, 559 S.W.2d 788, 789 (Tenn. 1978)). A "'person generally is held to know what his attorney knows and should communicate to him, and the fact that the attorney has not actually communicated his knowledge to the client is immaterial.'" *Id*. (quoting *Smith v. Petkoff*, 919 S.W.2d 595, 597-98 (Tenn. Ct. App. 1995)). "Once it has been established that the attorney obtained the relevant knowledge during the course of representing the client, 'the constructive notice thereof to the client is conclusive, and cannot be rebutted by showing that the attorney did not in fact impart the information so acquired.'" *Id*. (quoting *Smith*, *supra*).

[12] "The certificate of service required by Tenn. R. Civ. P. 5.03 is *prima facia* evidence that the document was served in the manner described in the certificate and raises a rebuttable presumption that it was received by the person to whom it was sent." *Vanleer*, 2002 WL 32332191 at *8. The Appellants do not assert that Attorney Cox did not receive service of notice nor do they present evidence to rebut the presumption that notice was served upon him.

was imputed to the Heltons. *See Boote*, 198 S.W.3d at 742. Thus, we find that proper notice of the hearing was provided to the Heltons.

The trial court did not abuse its discretion in denying the Heltons relief under Rule 60.

## IV. Conclusion

For the reasons set forth above, the decision of the Chancery Court is AFFIRMED. Costs are assessed against the Heltons, for which execution may issue if necessary.

_____
RICHARD H. DINKINS, JUDGE