# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### August 22, 2012 Session

# HAAS & WILKERSON, INC. v. GEREN RIDES, INC., A/K/A MEGA MIDWAYS v. AZALEA CITY AMUSEMENTS, INC.

**Appeal from the Circuit Court for Putnam County**
**No. 11N0229    John J. Maddux, Jr., Judge**

_____

**No. M2011-02734-COA-R3-CV - Filed August 27, 2012**

_____

Intervenor in a suit to domesticate a foreign judgment and to levy on property of the judgment debtor appeals the failure of the trial court to grant its Tenn. R. Civ. P. 60.02 motion and set aside an order dismissing its claim. Finding that Intervenor should have been granted relief, we reverse the judgment and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded.**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and FRANK G. CLEMENT, JR., J., joined.

Jeremy W. Parham, Manchester, Tennessee, for the Appellant, Azalea City Amusements, Inc.

John B. Ingleson, Murfreesboro, Tennessee, for the Appellee, Haas & Wilkerson, Inc.

## MEMORANDUM OPINION[1]

Appellee Haas & Wilkerson, Inc., ("Haas") filed a petition on August 12, 2011 in Putnam County Circuit Court seeking to domesticate a judgment received in Georgia against Geren Rides, Inc., and to enforce the judgment by levying on an amusement park ride. The

---

[1] Tenn. R. Ct. App. 10 states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Putnam County Circuit Court issued a writ of possession to Haas. Appellant Azalea City Amusements, Inc., ("Azalea") filed a motion on August 15 seeking to intervene in the case and to require Haas to release the ride to Azalea or to have the sheriff take possession of it pending further hearing. By order entered August 17, the court granted intervention and ordered the Putnam County Sheriff to take possession of Property conditioned upon Azalea posting a $50,000 bond.

On September 2, Haas filed a motion to set aside the August 17 order and to deny intervention, noticing a hearing on the motion for September 16. The Certificate of Service indicated that the Motion was served via mail on counsel for Azalea at a Nashville, Tennessee address.

On October 5, the court entered an order setting forth its action at the hearing on September 16. The court held (1) that Azalea had failed to post a bond as of September 16; (2) that neither Azalea nor any representative appeared at the hearing; and (3) that the transfer of the ride from Geren Rides to Azalea was a fraudulent transfer. The court thereupon set aside the August 17 order.

On September 22, Azalea filed a Tenn. R. Civ. P. 60.02 motion to set aside the order entered on October 5 following the September 16 hearing on the grounds that Azalea had not received the motion to set aside the August 17 order and that Azalea did not have any notice of the September 16 hearing. On November 14 the court denied Azalea's motion. Azalea asserts that the trial court erred in denying its motion.

We have determined, on the record before us, that the court erred in failing to set aside the order of October 5.

Tenn. R. Civ. P. 60 allows the trial court to relieve a party from a final judgment "upon such terms as are just" for a number of reasons. These include "mistake, inadvertence, surprise or excusable neglect" or "any other reason justifying relief[.]" Tenn. R. Civ. P. 60.02(1), (5). A motion for relief under Rule 60 addresses itself to the sound discretion of the trial court, and the scope of review on appeal is whether the trial court abused that discretion. *Toney v. Mueller*, 810 S.W.2d 145, 147 (Tenn. 1991); *Day v. Day*, 931 S.W.2d 936, 939 (Tenn. Ct. App. 1996).

The motion to intervene filed by Azalea, as well as the August 17 order prepared by counsel for Azalea, indicates Azalea's counsel's address and phone number to be in Manchester, Tennessee. The certificate of service on Haas' motion to set aside the August 17 order, however, shows that it was served upon counsel for Azalea at a Nashville address. Haas does not contest that the motion was not mailed to Appellant's counsel's correct office;

indeed, the affidavit of counsel's paralegal, filed in response to the Rule 60 motion, attests that the motion and related materials were sent to the Nashville address. The fact that Azalea was not properly served with Haas' motion to set aside the August 17 order and, as a consequence, did not respond or attend the hearing on September 16, is cause for relief in accordance with Tenn. R. Civ. P. 60.02(1), (5).

Citing the provision of the order which states "Azalea City Amusements, Inc. shall be required to post bond in the amount of $50,000 prior to this order taking effect," Haas contends that the court conditioned Azalea's intervention upon posting a $50,000 bond and thus, Haas asserts, the trial court properly set aside the August 17 order because Appellant never filed the $50,000 bond.[2] We respectfully disagree. The bond required in the order was clearly included with reference to the injunctive relief granted Appellant. *See* Tenn. R. Civ. P. 65.05. The court had no authority to condition Appellant's intervention in the underlying suit on posting such a bond, as argued by Appellee. *See* Tenn. R. Civ. P. 24.01.

Accordingly, the judgment of the Circuit Court denying Appellant's motion to set aside the October 5 order is reversed and the case remanded for further proceedings.

_____
RICHARD H. DINKINS, JUDGE

---

[2] Appellee also contends that the failure of Appellant to post the bond deprives it of standing to prosecute this appeal.